**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DAVID FOREHAND, | : | PRISONER HABEAS CORPUS |
| GDC # 541055, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:13-CV-1938-TWT-JSA |
| | : | |
| STATE OF GEORGIA, | : | |
|     Respondent. | : | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner, David Forehand, an inmate at the Calhoun State Prison in Morgan, Georgia, has filed a habeas corpus petition seeking to challenge via 28 U.S.C. § 2254 his 2003 convictions in the Newton County Superior Court. For the reasons discussed below, it is recommended that the petition be summarily dismissed as untimely.

## I. Rule 4 Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4") requires this Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Federal

district courts have the authority under Rule 4 to screen and dismiss a frivolous habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  28 U.S.C. § 2254, Rule 4 Advisory Committee Notes.

## II.  Background

According to Petitioner, he was convicted following a jury trial in the Newton County Superior Court of statutory rape, aggravated sodomy, rape, child molestation, and incest and was sentenced to life in prison.  Although Petitioner indicates in his petition that he did not appeal from the judgment of conviction [Doc. 1 at 2], court records indicate that Petitioner appealed and his convictions were affirmed by the Georgia Court of Appeals on February 22, 2005.  *Forehand v. State*, 611 S.E.2d 78 (Ga. Ct. App. 2005).  Petitioner indicates in his petition that he has not filed any other petitions, applications, or motions concerning this judgment of conviction in any state court.  [Doc. 1 at 3].

Petitioner signed the instant petition on May 29, 2013, and it was transferred to this Court from the Middle District of Georgia on June 11, 2013. [Docs. 1 and 4]. In his petition, Petitioner raises the following grounds for relief:

1.      ineffective assistance of trial counsel based on trial counsel's failure to call a physician to testify on behalf of Petitioner regarding the alleged rape;

2.      the trial judge erred when he expressed an opinion as to what had and had not been proven at trial;

3.      prosecutorial misconduct because the prosecutor failed to disclose a report of the physical exam of the alleged rape victim;

4.      the conviction for influencing a witness cannot stand because the evidence showed that the threat was not directly communicated to the witness but was intercepted and never passed on to the witness; and

5.      ineffective assistance of appellate counsel based on appellate counsel's failure to raise any claims on appeal with regard to a DNA test, rape kit, or the trial judge expressing his opinion with regard to the evidence.

[Doc. 1].

## III.  Discussion

Title 28 U.S.C. § 2244(d)(1), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), contains a one-year limitation period for all prisoners seeking to challenge, via 28 U.S.C. § 2254, the validity of a

3

state court conviction.  Pursuant to § 2244(d)(1), the one-year period of limitation

runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "the time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending" does not count toward the period of limitation.  28 U.S.C.

§ 2244(d)(2).

Petitioner was required to file his federal habeas corpus petition within one

year of the date his process of direct review ended, as it does not appear from the

petition that any of the other governing events set forth in § 2244(d)(1) applies.

4

Pursuant to Rule 38 of the Georgia Supreme Court's Rules and Rule 38 of the Georgia Court of Appeals' Rules, Petitioner had ten days from February 22, 2005, in which to either move for reconsideration or file a notice of intent to apply for certiorari to the Georgia Supreme Court.  Since Petitioner did neither of these, his convictions were final on March 4, 2005, the date on which the ten-day period for filing a notice of intent to seek further appellate review expired.  *See Pugh v. Smith*, 465 F.3d 1295 (11th Cir. 2006).  Thus, Petitioner had until March 4, 2006, to file his federal habeas corpus petition or seek state collateral review, which would operate to toll the limitation period.

Petitioner signed his federal petition on May 29, 2013, over 7 years after expiration of the limitation period.  Thus, his petition is untimely filed in this Court and is subject to dismissal.[1]

---

[1]The Eleventh Circuit has held that a "district court may review *sua sponte* the timeliness of [a] section 2254 petition." *Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002).  The Supreme Court has recognized that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).  The Supreme Court held, however, that "before acting on its own initiative, a court must accord the parties fair notice to present their positions" on the timeliness issue. *Id.*  The undersigned concludes that Petitioner will be given "fair notice" of the timeliness issue via this Final Report and Recommendation and will have "an opportunity to present" his position on this issue by filing objections thereto. *See Glover v. Williams*, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and

AO 72A
(Rev.8/82)

The one-year limitation period is subject to equitable tolling.  *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549 (2010).  In order to obtain equitable tolling of the AEDPA's filing deadlines, Petitioner must show that:  (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing.  *Id.* at 2562 (citation omitted).  Further, the Eleventh Circuit *may* recognize an "actual innocence" exception to the one-year limitation period. *See Milton v. Secretary, Dep't of Corr.*, 347 F. App'x 528, 530 (11th Cir. 2009).

Petitioner has not argued that he is entitled to equitable tolling or that his untimeliness should be excused because he is actually innocent.  Petitioner left blank the section of his petition that requires him to explain why the limitation period does not bar his petition.  [Doc. 1 at 14-15].  To the extent that Petitioner is arguing that he is entitled to tolling because he did not discover his claims until he started going to the law library and conducting research, this argument does not show any extraordinary circumstances that would entitle him to equitable tolling.  *See Christides v. Commissioner of Social Sec.*, No. 11-10632, 2012 WL 1674182, at *2

recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond); *Berry v. Ray*, No. CIV-06-0856, 2006 WL 3523764, at *2 (W.D. Okla. Dec. 6, 2006) (explaining that the "sua sponte consideration of whether the petition is time-barred will not prejudice Petitioner because he has an opportunity to be heard on the issue by filing a timely objection to [the] Report and Recommendation").

6

(11th Cir. May 14, 2012) (stating that neither *pro se* status or ignorance of the law constitute extraordinary circumstances for equitable tolling); *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) ("Typically, a petitioner's *pro se* status . . . do[es] not constitute extraordinary circumstances."); *Nunes v. Attorney Gen. of U.S.*, No. 11-2531, 2012 WL 1194866, at *2 (3d Cir. Apr. 11, 2012) ("A petitioner's *pro se* status and lack of knowledge generally do not warrant equitable tolling."). Therefore, his petition is subject to dismissal.

## IV.  Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

AO 72A
(Rev.8/82)

Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Petitioner filed his petition after the expiration of the one-year limitation period.  Thus, a certificate of appealability should not issue.  Accordingly, **IT IS RECOMMENDED** that a certificate of appealability be **DENIED**.

## V. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that, because Petitioner's habeas corpus petition is time-barred, the instant petition for habeas corpus relief be **DISMISSED** pursuant to Rule 4.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

Petitioner's request to proceed *in forma pauperis* [Doc. 2] is **GRANTED** for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 2nd day of August, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)